# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SAN BERNARDINO COUNTY DISTRICT ATTORNEY CHILD SUPPORT DIVISION, | ) ) ) | |
| Appellant/Defendant, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 06-0522-BH-B (Bnkr. Case No. 00-14385-MAM-13) |
| JODY LEE JAMESON, | ) ) | (Adv. No. 05-01116) |
| Appellee/Plaintiff. | ) | |

## ORDER

This relatively simple bankruptcy appeal has become far too convoluted and it is doubtful that counsel will assist the Court in any meaningful way to sort the procedural technicalities which cloud the real issues on appeal. Consequently, the Court will attempt to dispose of the minutiae, including appellee's motion (Doc. 8) to dismiss the appeal and appellant's application to supplement the record (Doc. 23).

Appellee's motion to dismiss the appeal was first grounded upon the assertion that "[a] timely appeal was not filed by an attorney licensed to practice law in the State of Alabama." The Notice of Appeal at issue was filed on July 19, 2006, by Daniel L. Bell, who is not licensed in the State of Alabama. As the Appellant points out, however, not only is there statutory authority for Mr. Bell's appearance without the necessity of obtaining leave to appear pro hac vice,[1] but he has represented the appellant without

---

[1] Appellee has failed to challenge the validity or applicability of the provision set forth in the Bankruptcy Reform Act of 1994 by which:

objection by the appellee throughout the proceedings in the Bankruptcy Court.  When specifically requested by the Court in its Order of October 12, 2006 (Doc. 14) to address the issues raised by the appellant in its response (Doc. 13), appellee altered his ground for dismissal to a contention that the deadline to appeal ran, not from the "Final Order and Judgment" entered by Judge Margaret A. Mahoney on July 19, 2006, but from an order entered on May 5, 2006, by which the bankruptcy court allegedly established that appellant's claim had been paid.  According to the appellee's present argument:

> As to the May 5, 2006 order, it cannot be disputed that appellant's motion to appeal dated 7/17/06 is not timely.  The question of whether he was licensed to practice in the state of Alabama is not in play.

Appellee's Addendum (Doc. 16) at 2.  The Court need only examine the order entered by Judge Mahoney on July 19, 2006, and entitled, in pertinent part,  "Final Order and Judgment" to determine the frivolity of appellee's present argument.  The deadline to appeal ran from this Final Order of July 19, 2006, and no other.

In view of appellee's failure to challenge the statutory authority permitting the appearance and participation of appellant's counsel and the pure sophistry of appellee's

---

> Child support creditors or their representatives *shall* be permitted to appear and intervene ***without charge***, and ***without meeting any special local court rule requirement for attorney appearances***, in any bankruptcy case or proceeding in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics.

Pub.L. 103-394, Title IV, § 304(g), Oct. 22, 1994, 108 Stat. 4134 (emphasis added).  There is no contention, nor could there be, that appellant's counsel did not fit within the criteria of this provision or failed to provide the requisite information concerning the subject child support debt.

2

argument concerning the applicable deadline for appeal, the Court concludes and it is therefore **ORDERED** that appellee's motion to dismiss the appeal is due to be and is hereby **DENIED** and, in addition, that appellant's application to supplement the record (Doc. 23) with evidence that "Judge Mahoney confirmed on the record that the May 5, 2006 order was not a final appealable Order in this case," as well as appellee's objection to such supplementation, are due to be and are hereby declared **MOOT.**

Inasmuch as the proceedings have been delayed by the necessity to deal with the above matters, it is **FURTHER ORDERED** that appellant's application to extend the time to file a reply brief (Doc. 22) be and is hereby **GRANTED** to the extent that appellant may now file its **REPLY** brief by **no later than November 13, 2006**, at which time the Court will take the present appeal under submission. Appellee's objection (Doc. 24) to the extension of the reply deadline is hereby **OVERRULED**.

**DONE** this 31st day of October, 2006.

                                                     s/ W. B. Hand

                                                  SENIOR DISTRICT JUDGE